# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tanya Swanson and Michael Swanson,<br><br>Plaintiffs,<br><br>vs.<br><br>RMG Systems, a/k/a Receivables Management Group, Inc., *a domestic corporation*,<br><br>Defendant. | Civil File No:_____<br><br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and under 28 U.S.C. § 1367 for pendent state claims.

2.  This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and for Defendant's wrongful conversion of Plaintiff Tanya Swanson's personal property.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff Tanya Swanson ("Tanya" or "Plaintiff") is a natural person residing in the County of Aitkin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Plaintiff Michael Swanson ("Tanya" or "Plaintiff") is a natural person residing in the County of Aitkin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant RMG Systems, a/k/a Receivables Management Group, Inc. ("RMG" or "Defendant"), upon information and belief, is a domestic corporation that operates as a debt collection agency from an address of 6440 Flying Cloud Drive, Suite 201E, Eden Prairie, Minnesota 55344.  RMG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.     Plaintiff allegedly incurred a financial obligation with Paulbeck's County Market, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

8.     The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

9.     Sometime on or before June 2011, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Tanya.

10.    On or about June 24, 2011, RMG wrote directly to Tanya in an attempt to collect a debt from Tanya.

11.    In this letter dated June 24, 2011, RMG wrote the following:

> Minn. Stat. 332.50, Minn. Stat. 604.113, Subd. 2(a), provides that if a dishonored check is not paid *within 30 days after notice is mailed*, the issuer is liable for the following:

1. Face amount of the check;
2. Service charge of up to $30;
3. Civil penalty of up to $100, or 100% of the value of the check, whichever is greater;
4. Interest as set forth in <u>Minn. Stat.</u> 549.09; and
5. Reasonable attorney's fees if the amount of the check or checks in over $1,250.00.

*See* Exhibit 1 (emphasis added).

12.    In this letter dated June 24, 2011, RMG also wrote the following:

> Demand is hereby made for payment of the above-mentioned check in accordance with the law. Unless you notify this office *within 30 days after receiving* this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor. . . .

*See* Exhibit 1.

13.    The letter dated June 24, 2011 was the first written communication that Tanya received from RMG and Tanya received the letter in mid July 2011.

14.    RMG is not excluded from the FDCPA under 15 U.S.C. § 1692p.

15.    RMG violated 15 U.S.C. § 1692g because RMG overshadowed Tanya's right to dispute this debt by demanding payment within thirty days of the date of the letter and by imposing fees on the debt within thirty days of the date of the letter.

16.   On or about July 24, 2011, Tanya sent a check for $25.00 along with a copy of the letter dated June 24, 2011, and a note that stated that she would continue to make payments toward the debt with Paulbeck's County Market.

17.   On or about July 25, 2011, RMG withdrew $90.53 from Tanya's checking account without permission from Tanya or Michael, which caused Tanya to incur overdraft charges.

18.   RMG violated 15 U.S.C. § 1692f and 1692f(1) because RMG engaged in unfair and unconscionable means to collect a debt from Plaintiff and collected an amount not authorized by law or agreement by unlawfully withdrawing funds from Tanya's checking account.

19.   On or about July 27, 2011, Tanya contacted RMG via telephone in order to determine why RMG had taken money out of her account without her permission.

20.   Tanya was repeatedly put on hold for extended periods of time by employees of RMG and Tanya eventually ended the telephone conversation.

21.   Tanya then telephone RMG again after repeatedly put on hold for extended periods of time.

22.   This time Tanya reached an employee who informed her that RMG had cashed her check for $25.00.

23.   Tanya then told this employee that she did not authorize RMG to take out $90.53 from her checking account.

24.   This employee falsely told Tanya that Minnesota law allowed RMG to automatically withdraw money from her account without her permission.

25.   RMG violated 15 U.S.C. §§ 1692e, and 1692e(2)(A) because RMG misrepresented the character and legal status of the debt by falsely representing that Minnesota law permitted the unauthorized withdrawal of monetary funds from bank accounts.

26.   RMG violated 15 U.S.C. §§ 1692e, and 1692e(10) because RMG employed false and deceptive means in an attempt to collect a debt from Tanya by falsely stating that Minnesota law permitted the unauthorized withdrawal of monetary funds from bank accounts.

27.   The employee of RMG continued to engaged and abusive and demeaning conduct with Tanya.

28.   After the telephone conversation ended Tanya called her husband, Michael.

29.   Later that day on July 27, 2011, Michael contacted a debt collector named Robert Lopez ("Lopez"), who worked for RMG as a debt collector at all times relevant herein.

30.   Michael asked Lopez why RMG had taken money out of Tanya's account without any authorization to withdraw $90.53.

31.   Lopez falsely told Michael that it was perfectly legal for RMG to take money out of Tanya's checking account without her authorization.

32.   RMG violated 15 U.S.C. §§ 1692e, and 1692e(2)(A) because RMG falsely represented to Michael in connection with the collection of a debt that RMG did not need permission to automatically withdraw funds from a checking account.

33.     RMG violated 15 U.S.C. §§ 1692e, and 1692e(10) because RMG falsely represented to Michael in connection with the collection of a debt that RMG did not need permission to automatically withdraw funds from a checking account.

34.     On or about August 18, 2011, Robert Lopez left a voicemail for Michael in an attempt to collect a debt from Michael and in connection with the collection of a debt.

35.     Robert Lopez said the following in the voicemail:  "Mike.  Robert Lopez.  You never took care of you obligation like you told me you were going to on the 20th.  Um, this is your last message.  You go to Aitkin County this morning.  I need to speak to you.  I'll serve you in Aitkin County tomorrow morning.  I need to speak to you before then.  You told me to call you back.  I've done that.  We need to speak right away.  1-800-764-5250."

36.     Neither Michael nor Tanya was ever served with any lawsuit regarding the debt with Paulbeck's Country Market.

37.     RMG violated 15 U.S.C. § 1692d because RMG engaged in conduct the natural consequence of which was to harass, oppress, and abuse Michael and Tanya by leaving a voicemail that falsely threatened legal action.

38.     RMG violated 15 U.S.C. §§ 1692e, and 1692e(2)(A) because RMG misrepresented the legal status of the debt to Michael in an attempt to collect the debt and in connection with the collection of a debt by falsely representing that RMG was going to file a lawsuit.

39.   RMG violated 15 U.S.C. §§ 1692e, and 1692e(3) because Lopez falsely represented and implied that Lopez was an attorney when Lopez said that he was going to serve Michael with a lawsuit in an attempt to collect a debt and in connection with the collection of a debt.

40.   RMG violated 15 U.S.C. §§ 1692e, and 1692e(5) because Lopez falsely represented and implied that Lopez or RMG was going to serve Michael or Tanya with a lawsuit in an attempt to collect a debt and in connection with the collection of a debt.

41.   RMG violated 15 U.S.C. §§ 1692e, and 1692e(10)  because Lopez employed false and deceptive means in an attempt to collect a debt from Michael and Tanya.

42.   RMG violated 15 U.S.C. § 1692f because Lopez engaged in unfair and unconscionable means in an attempt to collect a debt from Michael and Tanya.

43.   RMG violated the Electronic Fund Transfers Act (EFTA), 15 U.S.C. 1693 by unlawfully withdrawing funds electronically from Plaintiff Tanya's checking account without her authorization.

44.   As a result of said violations, Plaintiffs have suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiffs are entitled to actual damages pursuant to the FDCPA.

45.   As a result of said violations, Plaintiffs have incurred out-of-pocket expenses, and therefore Plaintiffs are entitled to actual damages pursuant to the FDCPA.

**Respondeat Superior Liability**

46.     The acts and omissions of Defendant's employees who were employed as agents by Defendant RMG, and who communicated with Plaintiffs as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant RMG.

47.     The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant RMG in collecting consumer debts.

48.     By committing these acts and omissions against Plaintiffs, Defendant's employees were motivated to benefit their principal, Defendant RMG.

49.     Defendant RMG is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiffs.

**<u>TRIAL BY JURY</u>**

50.     Plaintiffs are entitled to and hereby demand a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

**<u>CAUSES OF ACTION</u>**

**COUNT I.**

**VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET. SEQ.**

51.  Plaintiffs incorporate by reference each and every above stated allegation as though fully stated herein.

52.  The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiffs herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

53.  As a result of said violations, Plaintiffs have suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

54.  As a result of said violations, Plaintiffs have incurred out-of-pocket expenses, and therefore Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

55.  As a result of said violations, Plaintiffs are entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiffs' attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## VIOLATIONS OF 15 U.S.C. 1693 ET SEQ.

56.  Plaintiff Tanya incorporates by reference each and every above stated allegation as though fully stated herein.

57.  Defendant electronically withdrew funds from Plaintiff Tanya's checking without her authorization in violation of 15 U.S.C. § 1693 et. seq.

58. As a result of said violations, Plaintiff Tanya has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff Tanya is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1).

59. As a result of said violations, Plaintiff Tanya has incurred out-of-pocket expenses, and therefore Plaintiff Tanya is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1).

60. As a result of said violations, Plaintiff Tanya is entitled to statutory damages of up to $1,000.00, but not less than $100.00 from Defendant, and for Plaintiff Tanya's attorney fees and costs pursuant to 15 U.S.C. § 1693m(a)(2)(A) and 15 U.S.C. § 1693m(a)(3).

## COUNT III.

## CONVERSION

61. Plaintiff Tanya incorporates by reference each and every above stated allegation as though fully stated herein.

62. Defendant interfered with Plaintiff Tanya's right to possession of her personal property by fraudulently deducting funds from Plaintiff Tanya's checking account, thereby causing damage to Plaintiff Tanya.

63. Defendant intended to interfere with Plaintiff Tanya's right to possession of her personal property.

64. Defendant deprived Plaintiff Tanya of her right to possession to her personal property.

65.    As a result, Plaintiff Tanya is entitled to actual and compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that this Court enter the following judgment, in Plaintiffs' favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for each Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiffs herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

## COUNT II. EFTA

- For an award of statutory damages of up to $1,000.00, but not less than $100, for Plaintiff Tanya herein, for violations of 15 U.S.C. § 1693 m(a)(2)(A);
- For an award of costs and reasonable attorneys' fees under EFTA pursuant to 15 U.S.C. § 1693 m(a)(3);
- For an award of actual damages against Defendant pursuant to15 U.S.C. § 1693m(a)(1); and

## COUNT II: CONVERSION

- For actual and compensatory damages for Conversion in a reasonable amount in excess of $50,000.00, against Defendant.

Dated:  August 30, 2011.                    **MARSO AND MICHELSON, P.A.**

By: ___ s/Patrick L. Hayes
        Patrick L. Hayes (0389869)
        William C. Michelson (129823)
        Attorneys for Plaintiff
        3101 Irving Avenue South

Minneapolis, Minnesota 55408
Telephone: 612-821-4817